IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED SPECIALTY INSURNACE COMPANY,**<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>**HUSSEIN SALEH, d.b.a. 3 HERMANOS WAREHOUSES,**<br><br>　　　　　Defendant. | Case No. 1:16-cv-00632 DAD-MJS<br><br>**FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

**I.   Introduction**

On July 11, 2016, Plaintiff United Specialty Insurance Company ("Plaintiff") filed a motion for default judgment against Defendant Hussein Saleh, individually and d/b/a 3 Hermanos Warehouses, an unknown business entity ("Defendant"). (See generally Motion, ECF No. 12.) The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This motion for default judgment was scheduled for hearing on August 26, 2015. (ECF No. 12.) However, Defendant failed to file an opposition to the motion, and the

1

Court deems the matter suitable for decision without oral argument. For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.

## II.  Background[1]

Plaintiff filed this civil action on May 5, 2016. (See Compl., ECF No. 1.) The Complaint asserts claims for rescission and declaratory relief of an insurance policy issued by Plaintiff. (Id.)

Plaintiff, an insurance company, issued a commercial property insurance policy to Defendant providing coverage for business personal property located at 6830 Highway 145 #B in Madera, California. (Compl., ECF 1, ¶¶ 2-3.) Defendant falsely represented that the business premises had a central alarm and surveillance. (Id. at ¶ 8.) The alarm did not connect to a central station monitoring service and there was no video or other surveillance at the Madera premises. (Compl., at ¶ 10.) Plaintiff relied on this representation to issue a policy to Plaintiff. (Id. at ¶ 9.)

The policy issued effective December 22, 2014. (Compl. at ¶ 9.) Plaintiff claimed that on or about December 2, 2014, he purchased, sight unseen, $2,229,000 of goods from someone he had never met. He claims the purchase included 50,000 bottles of "Patrini" men's cologne worth $1,475,000. Plaintiff admitted that as of January 13, 2016, he had not paid for any of the goods. (Id. ¶¶ 14 and 15.)

Plaintiff claims that on the late afternoon of Christmas Eve, December 24, 2014 - two days after the policy went into effect – the store was robbed of all 50,000 bottles of men's cologne, as well as additional items of merchandise. None of this cologne had

---

[1] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the complaint.

ever been sold and it was located in the rear of the store. The store manager testified he never saw the robbers, and there was no physical evidence to corroborate the manager's narrative of the alleged robbery. (Compl., ECF 1, ¶ 16.)

The store opened for the first time under Defendant's ownership in October 2014. Between then and December 24, 2014, its sales were extremely low, including days without any sales. (Compl., ECF 1, ¶ 17.)

The complaint does not state when Defendant filed a claim for the goods. On April 8, 2016, Plaintiff notified Defendant that it was rescinding the policy and tendered the premium paid back to Plaintiff. (Compl. at ¶ 12.)

Plaintiff, in its application for default, requests relief as to both counts alleged in the complaint – rescission and declaratory relief. (Mot., ECF No. 12 at 4-5.) Defendant seeks to rescind the policy, and requests a declaration that the insurance claim, as asserted by Plaintiff, is not covered by the policy. (Id.)

Defendant was served with the summons and Complaint on May 6, 2016. (ECF No. 5.) Defendant has not filed any response to the Complaint. On July 5, 2016, Plaintiff requested default be entered against Defendant, and on the same date, the Clerk entered said default. (ECF Nos. 10-11.) On July 11, 2016, Plaintiff filed the present motion for default judgment against Defendant. (Mot., ECF No. 12.) Despite being served with the application by United States Mail, Defendant has filed no opposition to the motion or otherwise sought to appear in this action. (Id.)

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered by the Court on a party's motion for default judgment and authorizes the Court to:

> conduct hearings or make referrals-preserving any federal statutory right to
> a jury trial-when, to enter or effectuate judgment, it needs to:

3

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Upon default, the well-pleaded allegations of liability in the Complaint are taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987); Dundee Cement Co. v. Highway Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**B.    Analysis**

**1.    Default Judgment**

The Court finds that Plaintiff's Complaint properly and credibly alleges all material facts and elements necessary to the claims asserted and to the relief sought, and it reflects two meritorious substantive claims. Defendant has chosen not to respond to or contest the action or this motion. There is no basis to conclude that Plaintiff will be prejudiced by this case proceeding via default judgment rather than trial. Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, Danning v. Lavine, 572 F.2d 1386,1388 (9th Cir.1978), it must be concluded that there is no dispute as to any material fact.

It appears that Defendant simply elected to allow this matter to proceed through default; default was not caused by excusable neglect. Although the Court favors resolving cases on the merits after adversarial proceedings, it cannot force Defendant to

4

participate. Further, as Plaintiff only seeks to rescind its insurance policy, rather than seek damages against Defendant, the Court finds that Defendant will not be overly prejudiced by this default.

Accordingly, the Court recommends that default judgment be entered against the Defendant.

### 2.     Rescission

In California, an applicant for insurance is under an affirmative obligation to provide truthful information to an insurer when applying for coverage. Cal. Ins. Code §§ 332, 360. The failure to provide truthful information entitles the insurer to rescind the policy. Cal. Ins. Code §§ 331, 360; LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal.App.4th 1259, 1266-67, 67 Cal.Rptr.3d 917 (2007).

The admitted facts here establish that Defendant provided false information in response to a specific question in the application and that Plaintiff relied upon that false information in issuing its policy. Defendant stated that there was a functioning alarm and surveillance system in the insured premises, but no such systems were in place. Based on the misrepresentation regarding the alarm and surveillance system, Plaintiff is entitled to rescission of the policy.

### 3.     Declaratory Relief

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The operation of the Declaratory Judgment Act is only procedural "leaving substantive rights unchanged." See Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 849 (2014) (citations omitted). "Congress created this remedy, in part, to allow potential defendants to file preemptive litigation to determine whether they have any legal obligations to their potential adversaries." Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014).

In this case, the insurance policy provided coverage for direct physical loss or

damage to covered property at the insured premises subject to various exclusions and conditions (Compl., ex. A, ECF 1-1 at p. 57). Thus, there needs to be a loss of or damage to that property.

On the admitted facts, Defendant provided false accounts of the purchase and theft of the goods for which coverage was sought under the policy. The Court must accept as true the factual allegations in the complaint, and find that Plaintiff falsified the claim and that no goods were stolen. The Court cannot but note further that on their face the insurance claims presented by Defendant are incredible: Defendant claims that his apparently small business purchased nearly one and a half million dollars of cologne, that the seller filled and delivered the full order to Defendant without payment, and that this huge volume of product was stolen, within days of Defendant insuring it, without anyone noticing the theft and without the thieves leaving evidence of their activities.

Accepting the facts alleged in the complaint as true, there is no direct physical loss or damage to covered property and therefore no covered loss.

Alternatively, the policy also provides that a condition of the insurance policy was fraudulent claims would void the policy:

CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;

3. Your interest in the Covered Property; or

4. A claim under this Coverage Part.

ECF 1-1 at p. 73, also quoted at Complaint, ECF 1, ¶19.

By giving a false account of the alleged robbery, Defendant breached this condition, eliminating any coverage that might otherwise exist. (Compl., ¶ 20) Plaintiff is

6

entitled to a declaratory judgment that the claim made by Plaintiff is not covered by the policy.

## IV.     Recommendation

Based on a consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED;

2. Judgment be entered in this action against Defendant Hussein Saleh dba 3 Hermanos Warehouses;

3. United Specialty Insurance Company policy number USA 4073614 issued to Hussein Saleh dba 3 Hermanos Warehouses, be rescinded effective December 22, 2014;

4. That the Court declare that United Specialty Insurance Company policy number USA 4073614 provides no coverage for the alleged loss Defendant claims occurred on or about December 24, 2014; and

5.  Plaintiff shall recover its costs of suit.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1) (B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

7

appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __August 19, 2016__       /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE